CASANUEVA, Judge.
In the declaratory action that underlies this appellate proceeding, the petitioner, Allied Asphalt Paving, Inc., an insured under a policy issued by respondent Auto-Owners Insurance Company, seeks a writ of prohibition to restrain the trial court from unauthorized use of its judicial power. Because we conclude the trial court has not acted beyond the boundaries of its authority but rather has erred in exercising that authority, we treat the petition as one for certiorari and grant the petition as the trial court has departed from the essential requirements of the law.
The question Allied Asphalt presents is whether the trial court may issue a protective order precluding its attorney from disclosing the contents of Auto-Owners’ claim file, a file that was transferred to Allied Asphalt’s attorney when he was hired by Auto-Owners to represent Allied Asphalt as a defendant in a negligence suit. The order we review precludes Allied Asphalt’s attorney in the negligence suit from showing the file to Allied Asphalt or to other counsel that Allied Asphalt has consulted with regarding the negligence suit. Auto-Owners asserts that it sought the protective order because the material it provided to aid Allied Asphalt’s attorney in the negligence suit is its own privileged work product. We note that Auto-Owners has furnished representation to Allied Asphalt under a reservation of rights and has since begun the underlying declaratory action to resolve the coverage issue. We conclude that in this instance the trial court departed from the essential requirements of the law, in part because the order at issue is directed at an attorney working in a separate lawsuit.
Stripped to its essentials, the situation is that Auto-Owners (a party outside the negligence suit) has convinced the trial court in the instant declaratory action (which is a separate action from the negligence suit) that the negligence suit defendant (Allied Asphalt) may not inspect ma *13 terials in its own attorney’s possession and may not have another of its attorneys inspect those materials.[1] Those materials were voluntarily provided by Auto-Owners to the attorney defending Allied Asphalt in the negligence suit. At the time this attorney received the materials, he was the attorney and agent for Allied Asphalt alone, despite the fact that his representation was paid for by Auto-Owners. Auto-Owners was aware of this fact at the time it provided the claim file to him. This attorney has steadfastly maintained throughout these proceedings, and properly so, that his client is Allied Asphalt and not Auto-Owners. See R. Regulating Fla. Bar 4 — 1.7(3) (Representation of Insureds). Before it disclosed these materials, Auto-Owners had the opportunity and the power to review and select those documents it wished to provide to the attorney for its insured. Typically, in this kind of case, the documents transferred would consist of the insured’s policy, its declarations, and some or all of the insurance company’s claim investigation materials. If more were transferred, such as the insurance company’s in-house counsel’s personal notes regarding future issues that might arise between Auto-Owners and Allied Asphalt — a distinct possibility given the fact that Auto-Owners claimed from the beginning that it had no responsibility to provide coverage — the transfer would, nonetheless, remain voluntary. Precluding a client from inspecting all materials held by its attorney that were provided by third parties would interfere in the relationship between attorney and client to an unacceptable degree. Cf. Profl Ethics of the Fla. Bar, Op. 97-1 (1997) (holding that an attorney “may not ethically continue the representation of the insured under instructions from the insurance carrier that the lawyer file for summary judgment where the attorney has determined that such a motion would be against the insured’s interest”).
Auto-Owners has not demonstrated a legal basis for the trial court’s order. Because the order improperly interferes with the relationship between Allied Asphalt and its attorneys, we conclude that the trial court departed from the essential requirements of law, resulting in irreparable injury to Allied Asphalt. Thus, we grant the petition, quash the protective order, and remand for further proceedings.[2]
ALTENBERND and SILBERMAN, JJ., Concur.

. Our opinion does not, of course, preclude the attorney representing Allied Asphalt in the negligence suit from asserting a privilege in his own work product.

. We caution that any advantage the second attorney may gain in any litigation between Allied Asphalt and Auto-Owners will be constrained by the Rules Regulating the Florida Bar, especially matters of disqualification on the basis of conflict of interest. See R. Regulating Fla. Bar 4-1.7(b) (“A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to ... a third person.... ”).